TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone:(213) 894-2426
       Facsimile:(213) 894-0142
       E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cv-09819 |
|       Plaintiff, | COMPLAINT FOR FORFEITURE |
|         v. | 21 U.S.C. § 881(a)(6) |
| 2849.09758934 IN MONERO DIGITAL CURRENCY, 0.12554563 IN BITCOIN DIGITAL CURRENCY, AND $56,467.00 IN U.S. CURRENCY, | [H.S.I.] |
|       Defendants. | |

      Plaintiff United States of America brings this claim against the defendants identified below, and alleges as follows:

**JURISDICTION AND VENUE**

      1.   The government brings this <u>in rem</u> forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

      2.   This Court has jurisdiction over the matter under

28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America (the "plaintiff").

5. The defendants (the "Defendant Assets") are:

    a. 2849.09758934 Monero Digital Currency (the "Monero Currency") seized by agents of the Department of Homeland Security – Homeland Security Investigations ("HSI"), on or about October 12, 2021;

    b. 0.12554563 Bitcoin Digital Currency (the "Bitcoin Currency") seized by HSI on or about October 12, 2021; and

    c. $56,467.00 in U.S. Currency seized by HSI on or about October 12, 2021.

6. The Defendant Assets are in the custody of the Department of Homeland Security, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of David Anthony Glenn ("Glenn") may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

*Background on Digital Currency*

8. Digital currency (also known as cryptocurrency or virtual currency) is generally defined as an electronic-sourced unit of value that can be used as a substitute for fiat currency (i.e., currency created and regulated by a government). Digital currencies exhibit properties similar to other currencies, but do not have a physical form, existing entirely on the internet. Digital currency is not

issued by any government or bank (in contrast with "fiat" or conventional currencies) and is instead generated and controlled through computer software operating on a decentralized peer-to-peer network. Digital currency is legal in the United States and accepted for legitimate financial transactions. However, it is also often used for conducting illegal transactions or for concealing or disguising the true nature, source, location, ownership, or control of illegally obtained criminal proceeds. Bitcoin is one of the most commonly used and well-known digital currencies. "Monero" is another popular digital currency.

9. A wallet is identified by unique electronic addresses that essentially stores the access code that allows an individual to conduct transactions on the public ledger. To access a wallet on the public ledger, an individual must use a public address (or "public key") and a private address (or "private key"). The public address can be analogized to an account number while the private address is similar to a password used to access that account. Even though the public address of those engaging in digital currency transactions are recorded on the public ledger, the true identities of the individuals or entities behind the public address are not recorded. If a real individual or entity is linked to a public address, however, it may be possible to determine what transactions were conducted by that individual or entity. Therefore, digital transactions are often described as "pseudonymous," meaning they are partially anonymous. Most individuals are identified when they use a digital currency exchanger to make a transaction between digital currency and fiat, or through digital currency exchangers that voluntarily or through legal

order, cooperate with law enforcement.

**DISCOVERY OF THE DEFENDANT ASSETS**

*U.S. Customs and Border Protection Discovers Narcotics in an Inbound International Parcel Sent to Glenn*

10. In April 2021, United States Customs and Border Protection ("CBP") intercepted a parcel (the "Parcel") inbound from Mexico to the United States, addressed to Glenn at an address in Long Beach, California[1] (the "Long Beach Residence").

11. CBP conducts routine screenings of inbound packages from outside the United States at mail and shipping facilities all over the country. CBP is logistically unable to search all inbound parcels, and thus uses a variety of methods to selects parcels for examination.[2]

12. Inside the Parcel, CBP agents discovered approximately 9.94 kilograms of suspected Dimethyltryptamine ("DMT"), a Schedule I controlled substance.

*LBPD and HSI Surveil Glenn's Distribution Activity*

13. Following discovery of the Parcel, law enforcement agents including from HSI and the Long Beach Police Department ("LBPD") conducted surveillance operations on Glenn and the Long Beach Residence.

14. Agents observed Glenn repeatedly travel to post offices in different cities and mail a number of parcels. For example, on April 26, 2021, LBPD observed Glenn drop parcels at the USPS post office

---

[1] Pursuant to Local Rule 5.2-1, all personal residence addresses have been omitted from this Complaint.

[2] Pursuant to 19 C.F.R. § 162.6, CBP agents do not need a warrant to search inbound international mail such as the Parcel.

located at 11721 183rd St., Artesia, California. On May 4, 2021, LBPD also observed Glenn drop parcels at the USPS post office located at 9835 Flower St., Bellflower, California.

15. On May 18, 2021, LBPD and HSI investigators established surveillance on Glenn at the Long Beach Residence. Agents observed Glenn leaving the Long Beach Residence carrying a large brown Amazon cardboard box and placing the box into his vehicle. Glenn was observed travelling from the Long Beach Residence and to a post office located at 21350 S. Avalon Blvd., Carson, California. Glenn dropped at least one parcel into one of the mail slots inside the post office lobby.

16. Agents of the United States Postal Inspection Service then seized and searched a parcel Glenn had dropped at the Carson post office on May 18, 2021 pursuant to a federal search warrant. Inside, agents found two DVD cases which had visible bulges in the middle and were secured by a piece of tape. Inside each of the DVD cases was a black bag with a Ziploc style closure at the top. Inside of both black bags was a white crystal-like which field-tested positive for methamphetamine and weighed 118.2g total (including packaging).

*The Search of the Long Beach Residence*

17. On October 7, 2021, LBPD detective Michelle Mounts obtained a warrant from the Honorable Laura Laesecke, authorizing a search of the Long Beach Residence for evidence of narcotics trafficking.

18. On October 12, 2021, investigators approached the Long Beach Residence and knocked on the front door, announcing themselves. Agents advised Glenn to open the door, which Glenn refused to do so until he saw the warrant. After several failed attempts to have Glenn

5

open the door, investigators forced entry into the Long Beach Residence and secured Glenn.

19. Inside the Long Beach Residence, investigating agents observed multiple containers of what appeared to be chemicals or precursor chemicals as well as machinery that appeared to be used to manufacture narcotics. Agents also found multiple packages and packaging materials consistent with distribution of suspected narcotics.

20. Investigating agents discovered a false cabinet wall which hid another room in the Long Beach Residence. Inside this hidden room, agents discovered three trays containing psilocybin mushrooms, several hundred pounds of reddish powder resembling ground DMT precursors, a pill press machine, a pharmaceutical mixer and three bags of colored powdered pill binders. The pill press had blue powder residue and included dies with logos similar to those used to make ecstasy (MDMA) tablets.

21. Inside the laundry room of the Long Beach Residence, agents discovered three 5-gallon cans labeled Naphtha, a 5-gallon bucket labeled sodium hydroxide and two large pressure cookers stained with a reddish residue consistent with the DMT manufacturing process.

22. Also inside the Long Beach Residence, investigators noticed a television screen located in the main living connected to a computer tower. The screen was illuminated, and the computer tower was running. Several tabs appeared on the screen including "Dread white house," "yellowbrick," "Darknetlive," "KSWAP," "WHM," and "Invictus."

23. Each of these identified sites are known darknet[3] vendors and/or marketplaces, except KSWAP, which is a Monero exchange market.

24. At the bottom of the television screen, investigators noticed an icon for a cryptocurrency wallet app called "Exodus." Upon viewing the app screen, investigators noticed the wallet contained approximately $800,000 USD in Monero Currency, and approximately $7,000 USD in Bitcoin Currency (representing the Monero Currency and Bitcoin Currency, respectively).

25. At the base of the television stand was a "ledger" cryptocurrency hardware wallet that was not attached to any device. Investigating agents then seized the ledger device and executed a transfer of both the Monero Currency and the Bitcoin Currency from the "Exodus" wallet open on Glenn's computer to an HSI-issued cold computer and HSI controlled cryptocurrency wallet.

26. After the discovery of the digital currency, investigators found U.S. Currency in several locations in the Long Beach Residence, including a shoebox in the laundry room, on top of the pony wall in the living room, and in a false compartment in the pony wall. The total amount discovered was $56,467.00 in U.S. Currency.

//
//
//

---

[3] The "darkweb" or "dark net" refers to the part of the World Wide Web that is only accessible by means of special software, allowing users and website operators to remain somewhat more anonymous.

**CLAIM FOR RELIEF**

Based on the above, plaintiff alleges that the Defendant Assets are or are derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1) (distribution and possession with the intent to distribute controlled substances), and 21 U.S.C. § 846 (conspiracy to distribute controlled substances). The Defendant Assets are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

//
//
//

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the Defendant Assets;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the Defendant Assets to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: December 21, 2021

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

/*DAN G. BOYLE*
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**VERIFICATION**

I, KEVIN M. KNIPP, hereby declare that:

1. I am a Special Agent for the Department of Homeland Security – Homeland Security Investigations and the case agent for the forfeiture matter entitled <u>United States of America v. 2849.09758934 in Monero Digital Currency, 0.12554563 in Bitcoin Digital Currency, and $56,467.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December __20__, 2021 at __Huntington Beach__, California.

KEVIN M KNIPP
Digitally signed by KEVIN M KNIPP
Date: 2021.12.20 10:56:34 -08'00'

KEVIN M. KNIPP
Department of Homeland Security –
Homeland Security Investigations

10