TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail:   Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cv-09819-DSF-AFM |
| Plaintiff, | **STATUS REPORT AND SUPPLEMENT ADDRESSING MOTION FOR DEFAULT JUDGMENT ORDER** |
| v. | |
| 2849.09758934 IN MONERO DIGITAL CURRENCY, 0.12554563 IN BITCOIN DIGITAL CURRENCY, AND $56,467.00 IN U.S. CURRENCY, | |
| Defendants. | |

On June 9, 2022, this Court issued an Order re Motion for Default Judgment [ECF No. 20].  The government hereby provides the following information regarding notice provided to potential claimant David Anthony Glenn, and provides a status update on this proceeding:

//

//

**Background:**

1. On December 21, 2021, the government filed a Verified Complaint for Forfeiture in this action (the "Complaint") against defendants 2849.09758934 in Monero Digital Currency, 0.12554563 in Bitcoin Digital Currency, and $56,467.00 in U.S. Currency (the "Defendant Assets"). [ECF No. 1].

2. Pursuant to Supplemental Rule G(4)(b)(i), on or about December 22, 2021, direct notice was mailed via United States Postal Service ("USPS") certified mail to potential claimant David Anthony Glenn's ("Glenn") criminal defense attorney Michael Norris. Pursuant to Rule G(4)(b)(ii)(B), direct notice may be sent by mail to "the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation. . . or criminal case." At the time notice was sent, the government understood that Mr. Norris was, or was soon to be, representing Glenn with respect to the underlying criminal investigation, as described further the Complaint. [See, e.g., ECF No. 1, at ¶ 13-16].

3. On December 23, 2021, a courtesy copy of the direct notice was also e-mailed to Mr. Norris, stating that AUSA Dan Boyle represented the government in the civil forfeiture action filed against the assets seized from Glenn's residence. AUSA Boyle requested a time to speak to Mr. Morris if he did represent Glenn, or if he did not, to let AUSA Boyle know who he should forward the direct notice to. The e-mail received an automated response stating that it was unable to be forwarded.

4. The government did not receive the USPS return receipt card on the direct notice sent to potential claimant Glenn's attorney. However, tracking number "7021 2720 0000 5382 7404" revealed that as

of December 31, 2021, the notice was in transit to the next facility to be delivered to the final destination.

5. On or about January 20, 2022, AUSA Boyle spoke by phone with Mr. Norris, who stated that his client, Glenn, was deceased, and that he was unsure as to whether he would be able to represent Glenn's estate for the purposes of this action.

6. Pursuant to Supplemental Rule G(4)(a), notice was also provided by publication beginning on the December 27, 2021 for 30 consecutive days, ending on January 25, 2022.

7. Pursuant to Supplemental Rule G(5)(a) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, potential claimants that received direct notice were required to file claims on or before January 26, 2022, and an answer 21 days thereafter.

8. Pursuant to Supplemental Rule G(5)(a)(ii)(B), potential claimants that did not receive direct notice were required to file a claim no less than 60 days after the first day of publication on an official internet government forfeiture site, which would be February 25, 2022, and file an answer 21 days thereafter.

9. On January 26, 2022, the government filed an Ex Parte Application to Extend Time to Respond to Complaint. [ECF No. 13]. On the same day, the Court extended the time to respond to the complaint. [ECF No. 14]. The new claim deadline was February 25, 2022 and the new answer deadline was March 18, 2022.

10. On February 9, 2022, AUSA Boyle e-mailed Mr. Norris following up on this forfeiture matter, attaching a draft settlement proposal to resolve this matter through stipulation rather than default. In the email, AUSA Boyle also stated that he understood Mr.

Norris may have been seeking approval from any estate for Glenn, but that CAFRA deadlines continued to run.

11. Also on February 9, 2022, USAO Paralegal Jonathan Wettstein called Mr. Norris' office to confirm whether Mr. Norris had received via e-mail the documents including the proposed settlement. A representative from Mr. Norris' office confirmed that he did receive the email but that, due to a technical issue with Mr. Norris' e-mail, senders were getting error messages.

12. On March 11, 2022, AUSA Boyle sent another email to Mr. Norris asking whether Mr. Norris had approval to represent Glenn's estate in the forfeiture matter, or if Mr. Norris knew if anyone else was. This e-mail received no response.

### **Status Update:**

13. Following the Court's Order of June 9, 2022, the government has taken the following steps:

    a. First, government counsel again attempted to contact Mr. Norris by phone, but received no response;

    b. Second, government counsel requested that a Senior Inspector for the U.S. Marshals Service assigned to the USAO as a forfeiture investigator conduct records checks for further information on Glenn;

    c. Third, government counsel directed the case agent in this matter to review the case records, including for any involved task force officers, for any additional information on any potential next-of-kin for Glenn; and

    d. Fourth, government counsel conducted public records searches for any legal proceedings involving any estate or probate proceedings involving Glenn.

4

14.   Based on the above further investigative steps, government counsel identified one possible relative of Glenn, L.D., who currently resides in Arizona.

15.   Government counsel contacted L.D. by phone on June 14, 2022. On that call, L.D. confirmed that Glenn was deceased, that Glenn had no other living relations, and that L.D. had disposed of several of Glenn's personal property following his death.

16.   During this conversation, government counsel explained that L.D. could potentially file a claim in this action, and offered to re-extend the same settlement proposal that the government had previously extended to Mr. Norris. L.D. stated that while she did not personally have any desire for any of Glenn's property, she had donated certain items of his other personal property to charity, and would consider accepting a settlement and donating any funds returned to a drug rehabilitation charity.

17.   On June 15, 2022, government counsel sent an updated version of its prior settlement proposal to L.D. That settlement offer remains outstanding.

18.   Based on the above, the government respectfully requests that the Court continue to hold the previously-filed motion for default in abeyance until June 30, 2022, to allow L.D. additional time to consider either filing a claim, accepting the settlement proposed, or taking no action in this case.

//
//
//

19.  If L.D. does not file a claim or reach a settlement agreement, the government will file a further status report on or before June 30, 2022.

Dated: June 16, 2022

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

       /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA